IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

------------------------------------------------------------------------x
                                       :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN NATURAL RESOURCES, LLC, | : | Case No. 15-80355 |
| | : | |
| Debtor. | : | Judge Cornish |
| | : | |

------------------------------------------------------------------------x

**APPLICATION OF THE DEBTOR PURSUANT TO §§ 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) FOR AUTHORITY TO EMPLOY MCDONALD, MCCANN, METCALF & CARWILE L.L.P., AS ATTORNEYS FOR THE DEBTOR**

     American Natural Resources, LLC (the "Debtor"), the debtor-in-possession herein, hereby requests that the Court enter an order approving the retention of McDonald, McCann, Metcalf & Carwile, L.L.P., as counsel pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a). In support of this request, the Debtor advises the Court as follows:

**Jurisdiction and Venue**

     1.     The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334(b). Reference to the Court of this application is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A). In addition, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this application includes §§ 327(a) and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a).

## Background

2. American Natural Resources, L.L.C. (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on April 13, 2015. Upon filing, the Debtor began operating as debtor-in-possession with all rights, powers, and duties of a trustee in bankruptcy pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Debtor is an oil and gas company actively exploring and developing properties in Oklahoma. Debtor's primary assets are located in Seminole County.

4. On July 10, 2014, a panel of the American Arbitration Association entered an award against the Debtor and in favor of Loda Okla, LLC, and Victoria Time Corp., in the amount of $6,348,440.14.

5. On March 30, 2015, the United States District Court for the Northern District of Oklahoma confirmed the arbitration award in a case styled *Loda Okla, LLC, et al. v. American Natural Resources, LLC, et al.*, Case No. 13-CV-191-JED-FHM.

6. The entry of this judgment and potential collection efforts required that the Debtor seek bankruptcy protection to preserve value and ensure its continued operations as a going concern.

## Request for Relief

7. Debtor seeks court approval pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a) to employ McDonald, McCann, Metcalf & Carwile, L.L.P. ("MMMC" or the "Firm") as its attorneys in connection with the commencement and prosecution of its Chapter 11 case. Pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a), Debtor requests that the Court approve the employment of MMMC, under a general retainer and in accordance with

2

Case 15-80355   Doc 3   Filed 04/14/15   Entered 04/14/15 13:25:37   Desc Main
Document      Page 2 of 16

MMMC's normal hourly rates and disbursement policies, as Debtor's attorneys to perform the extensive legal services that will be necessary during its Chapter 11 case.

### Retention of McDonald, McCann, Metcalf & Carwile, L.L.P.

8. Debtor has been informed that Gary M. McDonald, Chad J. Kutmas, and Mary E. Kindelt, as well as other attorneys of the firm, will be employed in this Chapter 11 case, and are members in good standing of one or more of the following jurisdictions: the Bar of the State of Oklahoma and/or the United States Bankruptcy Courts for the Eastern, Northern, and Western Districts of Oklahoma.

9. Debtor has selected MMMC as its attorneys because of the Firm's general experience and knowledge and, in particular, its recognized expertise in the field of debtors' protections, creditors' rights, and business reorganization under Chapter 11 of the Bankruptcy Code. Over the last decade, the attorneys of MMMC have been actively involved in numerous significant Chapter 11 cases. A selective listing includes: SemCrude, L.P., filed in the United States Bankruptcy Court for the District of Delaware; Flying J, Inc., filed in the United States Bankruptcy Court for the District of Delaware; C. Bean Transport, Inc., filed in the United States Bankruptcy Court for the Western District of Arkansas; Energytec, Inc., Cano Petroleum Company filed in the United States Bankruptcy Court for the Northern District of Texas; Hale-Halsell Company, filed in the United States Bankruptcy Court for the Northern District of Oklahoma; Southwest Food Distributors, LLC (d/b/a Fadler Company), filed in the United States Bankruptcy Court for the Northern District of Oklahoma; Air Enterprises, Inc., filed in the United States Bankruptcy Court for the Northern District of Ohio; MV Pipeline Company, filed in the United States Bankruptcy Court for the Eastern District of Oklahoma; and Mahalo Energy (USA), Inc., filed in the United States District Court for the Eastern District of Oklahoma.

10. In connection with its pre-petition representation of Debtor with respect to potential restructuring of its financial obligations and the commencement of this Chapter 11 case, MMMC has become familiar with Debtor's business, affairs, and capital structure. Accordingly, MMMC has the necessary background to deal effectively with many potential legal issues that may arise in the context of Debtor's Chapter 11 case. Debtor believes that MMMC is both well qualified and uniquely able to represent Debtor in its Chapter 11 case in an efficient and timely manner.

11. Should Debtor be required to retain attorneys to act as general bankruptcy counsel other than MMMC in connection with the prosecution of this Chapter 11 case, Debtor and its respective creditors and estates would be unduly prejudiced by the time and expense necessarily attendant to such attorneys' familiarization with the intricacies of Debtor, its business operations and financial condition.

12. Debtor may also seek to employ additional professionals, including special counsel for conflicts, if necessary, and a restructuring officer. MMMC has advised Debtors that it will carefully monitor and coordinate all efforts of all professionals retained by Debtor in this Chapter 11 case and will clearly delineate their respective duties so as to prevent duplication of effort, wherever possible. Rather than resulting in any extra expense to Debtor's estate, it is anticipated that the efficient coordination of efforts of Debtor's attorneys and other professionals will add to the progress and effective administration of this Chapter 11 case.

## Scope of Services

13. The services of MMMC under a general retainer are appropriate and necessary to enable Debtor to execute faithfully its duties as a debtor and debtor-in-possession and to

formulate, negotiate, and implement a restructuring or orderly liquidation of its assets. Subject to an order approving this application, MMMC would be employed to:

 a. Take all necessary or appropriate actions to protect, preserve, and develop Debtor's estate, including the prosecution of actions on Debtor's behalf, the defense of any action commenced against Debtor, the negotiation of disputes in which Debtor is involved, and the preparation of objections to claims filed against the estate;

 b. Prepare on behalf of Debtor all necessary and appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the estate;

 c. Take all necessary or appropriate actions in connection with a Chapter 11 plan and related disclosure statement and all related documents, as well as such further actions as may be required in connection with the administration of the estate, including an orderly liquidation of assets; and

 d. Perform all other necessary legal services in connection with this Chapter 11 case.

14. It is necessary for Debtor to employ attorneys under a general retainer to render the foregoing professional services. MMMC has stated its desire and willingness to act in this Chapter 11 case and render the necessary professional services as attorneys for Debtor.

## **MMMC's Disinterestedness**

15. To the best of Debtor's knowledge, partners, associates, and other employees of MMMC do not have any connection with or any interest adverse to Debtor, its creditors, or any

other party-in-interest, or their respective attorneys and accountants, except as may be set forth in the affidavit of Gary M. McDonald, annexed hereto as Exhibit "A."

16. Based upon the affidavit of Mr. McDonald, Debtor submits that MMMC is a "disinterested person" as that terms is defined in § 101(14) of the Bankruptcy Code. The Debtor has been informed that MMMC will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, MMMC will supplement its disclosure to the Court.

## Professional Compensation

17. As set forth in the affidavit of Mr. McDonald, MMMC received a retainer and advance against expenses for services to be performed in preparation for and prosecution of this Chapter 11 case in the amount disclosed therein.

18. Debtor understands that MMMC intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the local rules of this Court for all services performed and expenses incurred after the commencement date of this Chapter 11 case.

19. For services rendered by MMMC in these cases, Debtor, subject to the provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the local rules of this Court proposes to pay MMMC its customary hourly rates for services rendered that are in effect from time-to-time, as set forth in the affidavit of Mr. McDonald. Debtor respectfully submits that such rates are reasonable. In addition, subject to the provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the local rules of this Court, Debtor proposes to reimburse

MMMC according to its customary reimbursement policies. A proposed order is attached hereto as Exhibit "B."

### Notice

20. No trustee, examiner, or creditors' committee has been appointed in this chapter 11 case. The Debtor has served notice of this Motion on: the U.S. Trustee for the Eastern District of Oklahoma and those creditors listed on the Debtor's List of Creditors Holding 20 Largest Unsecured Claims. The Debtor submits that no other or further notice need be provided.

WHEREFORE, Debtor respectfully requests the entry of an order, substantially similar to the proposed order attached hereto, granting the relief requested herein and such other and further relief as the Court may deem just.

Dated April 14, 2015                                  AMERICAN NATURAL RESOURCES, LLC

                                                      By: /s/ Mickey Overall
                                                      Name: Mickey Overall
                                                      Title: Managing Member

# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

------------------------------------------------------------------------x
:
In re:                                                   :       Chapter 11
:
AMERICAN NATURAL RESOURCES, LLC,                         :       Case No. 15-80355
:
Debtor.                                                  :       Judge Cornish
:
------------------------------------------------------------------------x

## STATEMENT OF MCDONALD, MCCANN, METCALF & CARWILE, L.L.P. PURSUANT TO BANKRUPTCY RULE 2014

Affidavit of Gary M. McDonald:

1. I am a partner of McDonald, McCann, Metcalf & Carwile, L.L.P. ("MMMC"), and am authorized to make this statement on MMMC's behalf.

2. American Natural Resources, LLC, the debtor in the above case (the "Debtor") filed its application to retain MMMC as its counsel pursuant to 11 U.S.C. §§ 327(a) and 328(a).

3. MMMC is a full service law firm. MMMC's attorneys represent and have represented a number of clients regionally, nationally, and internationally. To the extent possible, MMMC conducted a search of its client database for the names of the Debtor's creditors and parties-in-interest. A list of creditors and parties-in-interest that, to the best knowledge of MMMC, are or have been clients of MMMC or its members is attached hereto as Exhibit 1. Should a conflict arise between MMMC and any creditor or party-in-interest in the Debtor's bankruptcy case respecting MMMC's representation of the Debtor in this case, MMMC will immediately notify the parties and the Court. Although MMMC has been diligent in reviewing its records, it is possible that there are other individuals or entities that MMMC has represented who also may have a connection to the case or the Debtor whose names have not been provided

to MMMC. MMMC will continue to investigate and monitor its connections that may be discovered or that may arise.

4. Each of MMMC's attorneys who will or may work on the above case on behalf of the Debtor is authorized to practice law in Oklahoma. No partner, associate, or employee of MMMC holds or maintains any interest adverse to Debtor, the debtor-in possession or the estate.

5. The principal attorneys representing Debtor are expected to be Gary M. McDonald, whose standard hourly rate is currently $315, and Chad J. Kutmas, whose standard hourly rate is currently $235. Hourly rates of other partners will not exceed that of Mr. McDonald, and no rate of any associate attorney will exceed $185. Prior to filing of the Debtor's Chapter 11 Case, Debtor paid MMMC $40,000, which shall be a retainer for the benefit of MMMC. After application of the retainer for services rendered by MMMC through Friday, April 10, 2015, in the amount of $11,708.50 and the payment of the filing fee in the amount of $1,717, the remainder of the retainer held by MMMC for payment of its fees is $26,574.50.

6. The compensation to be paid to MMMC on account of services rendered and expenses incurred by MMMC in the above Chapter 11 case is to be shared only with the members and associates of MMMC in accordance with MMMC's partnership agreement and any such sharing is not inconsistent with the provisions of the Bankruptcy Code or the Bankruptcy Rules.

7. Except to the extent disclosed above, MMMC has no connection with the Debtor, creditors, and other parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee that would preclude MMMC's eligibility to represent Debtor as counsel in the above case.

Dated: April 14, 2015	Respectfully submitted,

*/s/ Gary M. McDonald*
Gary M. McDonald, OBA No. 5960
Chad J. Kutmas, OBA No. 19505
Mary E. Kindelt, OBA No. 21728
MCDONALD, MCCANN, METCALF &
CARWILE, LLP
First Place Tower
15 E. Fifth Street, Suite 1400
Tulsa, OK 74103
(918) 430-3700
(918) 430-3770 (Fax)

*Proposed Attorneys for the Debtor*

STATE OF OKLAHOMA	)
	)  ss.
COUNTY OF TULSA	)

Subscribed and sworn to before me this 14th day of April, 2015.

By:	*/s/ Holly L. Dowell*
	Notary Public

[seal]

My Commission Expires:

June 15, 2016

**EXHIBIT 1**

NONE

# EXHIBIT "B"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

------------------------------------------------------------------------x
                                          :

In re:                                     :         Chapter 11
                                          :
AMERICAN NATURAL RESOURCES, LLC,      :         Case No. 15-80355
                                          :
            Debtor.                       :         Judge Cornish
                                          :
------------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY
CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE
2014(a) AUTHORIZING THE EMPLOYMENT OF MCDONALD,
MCCANN, METCALF & CARWILE, L.L.P. AS ATTORNEYS FOR THE DEBTOR**

      Upon the Application, dated April 14, 2015 (the "Application"), of American Natural Resources, LLC (the "Debtor"), as debtor and debtor-in-possession, for an order, pursuant to §§ 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment of McDonald, McCann, Metcalf & Carwile, L.L.P. ("MMMC") as its attorneys under general retainer, all as more fully set forth in the Application; and upon the Affidavit of Gary M. McDonald, a partner of MMMC, filed in support of the Application, annexed to the

Application as Exhibit "A" (the "McDonald Affidavit"); and the Court being satisfied, based on the representations made in the Application and the McDonald Affidavit, that MMMC is "disinterested" as such term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, and as required under § 327(a) of the Bankruptcy Code, that MMMC represents no interest adverse to Debtor or to its estate with respect to the matters upon which MMMC is to be engaged, and that the employment of MMMC is necessary and in the best interests of Debtor and its estate; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and that the failure to promptly retain MMMC would cause Debtor to suffer immediate and irreparable harm; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein; and it appearing that no other or further notice need be provided; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted; and it is further

ORDERED that pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), Debtor is authorized to employ and retain MMMC, as its attorney under a general retainer on the terms and conditions set forth in the Application; and it is further

ORDERED that MMMC shall be compensated in accordance with the procedures set forth in §§ 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Oklahoma, and such other procedures as may be fixed by order of this Court.

# # #