IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

------------------------------------------------------------------------x
:
In re: : Chapter 11
:
AMERICAN NATURAL RESOURCES, LLC, : Case No. 15-80355
:
Debtor. : Judge Cornish
:
------------------------------------------------------------------------x

### DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS, CHECKS AND BUSINESS FORMS

American Natural Resources, L.L.C ("Debtor") moves for entry of an order authorizing the continued use of Debtor's existing bank accounts, checks, and business forms. In support of this motion, Debtor will show the Court the following:

### Jurisdiction and Venue

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334(b). Reference to the Court of this motion is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A). In addition, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in the motion includes 11 U.S.C. §§ 105(a), 1107, and 1108.

### Background

2. American Natural Resources, L.L.C. (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on April 13, 2015. Upon filing, the Debtor began operating as debtor-in-possession with all rights, powers, and duties of a trustee in bankruptcy pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Debtor is an oil and gas company actively exploring and developing properties in Oklahoma. Debtor's primary assets are located in Seminole County.

4. On July 10, 2014, a panel of the American Arbitration Association entered an award against the Debtor and in favor of Loda Okla, LLC, and Victoria Time Corp., in the amount of $6,348,440.14.

5. On March 30, 2015, the United States District Court for the Northern District of Oklahoma confirmed the arbitration award in a case styled *Loda Okla, LLC, et al. v. American Natural Resources, LLC, et al.*, Case No. 13-CV-191-JED-FHM.

6. The entry of this judgment and potential collection efforts required that the Debtor seek bankruptcy protection to preserve value and ensure its continued operations as a going concern.

## Relief Requested

7. Debtor requests that the Court enter an order authorizing it to maintain and to continue to use its existing pre-petition bank accounts and to continue to use the existing checks and business forms on these accounts, with the banks being authorized to honor all checks drawn against the pre-petition bank accounts and presented for payment, whether written pre or post-petition, without setoff, recoupment, or other self-help remedies afforded to the banks, and any other relief that the Court deems reasonable and just under the facts and circumstances of this case.

## Brief in Support of Relief Requested

8. To minimize expense to the estate, Debtor requests the authority to continue to use all checks and business forms, without reference to its status as debtor-in-possession until such time as it becomes necessary to reorder such checks and business forms in the ordinary course of business. Changing checks and forms now would be an unnecessary burden to the

estate, as well as expensive and disruptive to Debtor's business operations. When the current check stock is depleted, Debtor will order new checks with the "debtor-in-possession" legend. Other courts have allowed debtors to use their pre-petition forms and checks without the "debtor-in-possession" label. *See*, *e.g.*, *In re Gold-Standard Baking, Inc.*, 179 B.R. 98, 105-06 (Bankr. N.D. Ill. 1995) (holding the U.S. Trustee's prohibition of the debtor's issuance of checks without the "debtor-in-possession" designation is unenforceable).

9. Debtor also requests that it be permitted to continue to use its pre-petition bank accounts in the same manner and with the same account numbers, as well as any additional bank accounts that Debtor might open, and that all such accounts be deemed to be debtor-in-possession accounts. Debtor believes continued use of these accounts is essential to a smooth and orderly transition into Chapter 11, thereby causing minimum interference with Debtor's operations. Requiring Debtor to open new accounts would inevitably lead to confusion and delays. By preserving business continuity and avoiding the operational and administrative paralysis that closing all Debtor's accounts and opening new ones would necessarily entail, all parties in interest will be best served and Debtor's bankruptcy estate will benefit considerably.

10. If Debtor is permitted to continue use of its pre-petition bank accounts, Debtor requests that the banks be authorized to honor all checks drawn against pre-petition bank accounts and presented for payment, whether written pre or post-petition, except as may otherwise be order by this Court, without setoff, recoupment, or other self-help remedies afforded to the banks. A proposed order is attached hereto as Exhibit "A."

## **Notice**

11. No trustee, examiner, or creditors committee has been appointed in this Chapter 11 case. Debtor has served the notice of this application on the US Trustee for the Eastern

District of Oklahoma and those creditors listed on Debtor's list of the 20 largest unsecured creditors. Debtor submits that no other or further notice need be provided.

WHEREFORE, Debtor requests that it be allowed to continue the use of its existing bank accounts, checks, and business forms as set forth above, and any other relief that the Court deems just under the facts and circumstances of this case.

        MCDONALD, MCCANN, METCALF & CARWILE, LLP

*/s/ Chad J. Kutmas*

By: _____

Gary M. McDonald, OBA No. 5960
Chad J. Kutmas, OBA No. 19505
Mary E. Kindelt, OBA No. 21728
15 E. Fifth Street, Suite 1400
Tulsa, OK 74103
(918) 430-3700
(918) 430-3770 (Fax)

*Proposed Counsel for American
   Natural Resources, LLC*

# EXHIBIT "A"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

------------------------------------------------------------------------x
:
In re:                                          :           Chapter 11
                                                :
AMERICAN NATURAL RESOURCES, LLC,                :           Case No. 15-80355
                                                :
    Debtor.                                     :           Judge Cornish
                                                :
------------------------------------------------------------------------x

## ORDER AUTHORIZING CONTINUED USE OF
## EXISTING BANK ACCOUNTS, CHECKS AND BUSINESS FORMS

This matter comes before the Court upon the Debtor's Motion for Order Authorizing Continued Use of Existing Bank Accounts, Checks and Business Forms (the "Motion"). After due deliberation and good cause appearing therefore, the Court finds and concludes that: the Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. § 1334(b); that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); that due and adequate notice of the relief sought in the Motion has been given to all parties entitled thereto, and no other further notice is

necessary or required; and that the relief requested in the Motion is necessary and in the best interests of the Debtor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that American Natural Resources, LLC ("ANR") is authorized, but not directed, to maintain and to continue to use its existing pre-petition bank accounts ("Pre-Petition Accounts") as set forth on Exhibit 1 to this Order and to continue to use the existing checks and business forms on the Pre-Petition Accounts without the designation "debtor-in-possession" imprinted on them; and it is further

ORDERED that the Banks are hereby authorized and required, subject to there being sufficient funds, to honor all checks drawn against the Pre-Petition Accounts that are written after April 13, 2015, without the right to setoff, recoup, or other self-help remedies as it relates to any pre-petition obligations; and it is further

ORDERED that the Banks are sufficient to serve as ANR's depository banks during the pendency of these Chapter 11 cases; and it is further

ORDERED that ANR's authorization to continue to use the Pre-Petition Bank Accounts shall not affect Debtor's obligations to establish other bank accounts as directed under any other Court Order; and

IT IS FURTHER ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

# **EXHIBIT 1**

[To be provided prior to entry]