# UNITED STATE BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AMERICAN NATURAL | ) | **Case No. 15-80355** |
| RESOURCES, LLC | ) | **Chapter 11** |
| | ) | |
| Debtor. | ) | |

### UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DIRECTING THE APPOINTMENT OF A TRUSTEE UNDER 11 U.S.C. § 1104(e)

Samuel K. Crocker, the United States Trustee for Region 20, in furtherance of his administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), and 11 U.S.C. §§ 1104 files this Motion for Appointment of Chapter 11 Trustee, ("Motion"), and in support thereof states as follows:

### Jurisdiction and Introduction

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Under 11 U.S.C. § 1104(a), the bankruptcy court "shall" order the appointment of an independent trustee to replace a chapter 11 debtor's management when certain statutory criteria are met. The United States Trustee has duties under subsection (e):

> The United States Trustee shall move for the appointment of a trustee under subsection (a) if there are reasonable grounds to suspect that current members of the governing body of the debtor, …, participated in actual fraud, dishonesty, or criminal conduct in the management of the debtor or the debtor's public financial reporting.

Bankruptcy courts possess broad discretion when determining whether to appoint chapter 11 trustees.  This Court should exercise its discretion to appoint a trustee in this case based upon the unanimous findings of the Arbitration Panel, applying the substantive laws of the State of Oklahoma after four days of testimony, exhibits from both sides, depositions, and briefing by the

1

Case 15-80355   Doc 34   Filed 04/29/15   Entered 04/29/15 15:47:02   Desc Main
Document    Page 1 of 12

parties.  The award against the Debtor and the Overalls included breach of contract; failure of

American Natural Resources, LLC to perform its duties under the Joint Operating Agreement;

common law fraud by misrepresentations regarding the actual cost of operations; and that both

the Debtor and its principals, Mickey Joe Overall and Ginette Lee Overall ("Mr. and Mrs.

Overall" or "Overalls"), are responsible for the company operations that were found to be liable

for fraud.

## Factual Background

3.      American Natural Resources, LLC ("Debtor" or "ANR") filed a voluntary

petition under chapter 11 of the Bankruptcy Code on April 14, 2015, in the Eastern District of

Oklahoma.  The Debtor is an Oklahoma limited liability company organized in August 2004

with the registered office located at 4121 S. Sheridan, Tulsa, Oklahoma.  Mickey J. Overall is the

registered agent and 100% owner/member and manager.  Upon information and belief, Ginette

Overall is his spouse and works for ANR in a financial and administrative capacity.

4.      The Debtor is an oil and gas company that describes its operations as the active

exploration and development of properties in Oklahoma, primarily located in Seminole County.

5.      On July 10, 2014, a panel of the American Arbitration Association entered an

award against the Debtor and Mr. and Mrs. Overall, in favor of LODO OKLA, LLC and Victoria

Time Corp. ("VTC"), in the amount of $6,348,440.14  [Case No. 71 20 1300 0374, Elizabeth

Kidd, Case Manager].  On March 30, 2015, Judge Frizzell for the United States District Court for

the Northern District of Oklahoma confirmed the arbitration award in Case No. 13-CV-191-

GKF-FHM.

6.      The history of the litigation between LODO OKLA LLC and VTC, as claimants

and ANR and the Overalls, as respondents, commenced on March 29, 2013, when a complaint

2

was filed alleging that Mickey Overall fraudulently induced VTC to enter into a joint participation agreement ("JPA") with ANR, and to invest cash to buy mineral leasehold acreage for drilling and development. The litigation was stayed to allow the parties to participate in arbitration, as provided in the JPA. An award in favor of VTC and LODO OKLA LLC, which granted as follows, after hearing that began June 2, 2014, in full settlement of all claims and counterclaims, with all other relief denied:

- Specific performance regarding an assignment of interests and ordered ANR to execute and deliver an assignment in form proposed by claimants;

- Damages of ANR of $4,298,508.00, representing revenues for salt water disposal, plus pre-award and post-award interest;

- Damages of ANR and the Overalls, jointly and severally, of $842,191.00, representing overcharges for drilling costs **and for fraud** for overpayment of those drilling costs, plus pre-award and post-award interest; (*emphasis added*)

- Damages of ANR and the Overalls, jointly and severally, of $659,972.50, representing damages for breach of contract **and for fraud** for payment of overhead, plus pre-award and post-award interest; (*emphasis added*)

- ANR of $25,499.64 for undistributed gas income plus post-award interest;

- ANR of $130,242.0 for overpayment for "improper direct charges", plus pre-award and post-award interest;

- ANR of $94,963.00 for interest on revenues suspended or not paid, plus pre-award and post-award interest; and

- ANR of $101,732.35 for arbitration fees and expenses and arbitrator compensation, plus post-award interest.

3

7.　　On March 30, 2015, U.S. District Judge Greggory Frizzell concluded in an Opinion and Order that the award was confirmed, dismissing out Easton Enterprises Inc. without prejudice, and denying all relief sought by ANR and the Overalls.  In his discussion of the Panel's finding that fraud had been committed by ANR and the Overalls, Judge Frizzell specifically found there was sufficient evidence in the record to support the finding of fraud and under § 10(a)(4) the motion to vacate was denied:

- On the first claim of fraud by ANR and the Overalls for falsely representing they had expended $2,262,500 in drilling costs, when the actual cost was $709,086, Judge Frizzell concluded, "the panel did not exceed its powers and was not willfully inattentive to the governing law of fraud in Oklahoma with regard to the first claim of fraud."

- On the second claim of fraud by ANR and the Overalls for falsely representing the salaries of specific individuals and other office expenditures incurred as overhead, Judge Frizzell concluded, "sufficient evidence exists to show the respondents acted with knowledge of falsity or reckless disregard for the truth, and the panel was not willfully inattentive to the governing law of fraud…";

8.　　The creditors' meeting [341 meeting] will be held May 11, 2015.  By agreement of the Debtor and the U.S. Trustee, the court has extended the date to May 6, 2015, for the Debtor to file its schedules and statement of financial affairs.  There is no secured creditor and there has been insufficient response to the solicitation by the U.S. Trustee for the appointment of an Official Committee of Unsecured Creditors.

9.　　ANR has filed a "Report to the Court Concerning Ordinary Course Business Transaction…" indicating it has entered into an agreement on April 21, 2015, with an

4

independent and unaffiliated company, Silver Creek Oil and Gas ("Silver Creek") to develop oil and gas leases by pooling ANR leases for unitization and also to advise of a "pre-pooling agreement" dividing formations between each as an operator.

## Grounds for Relief

## Appointment of Chapter 11 Trustee

10.     Upon information and belief, the Debtor's management has a myriad of operational and financial problems, which resulted in the award of the arbitration panel, and confirmed by the U.S. District Court, that includes fraud.  The agreement with Silver Creek includes obligations of ANR to drill and operate formations above the Missippian Formation and below the Viola Formation [designated as the "ANR Formations", ¶ 5, p.2, Dkt 23, filed 4/24/15].  Without any financial information, the U.S. Trustee is unable to determine if this is truly an ordinary course business transaction, or if it will be a financial hardship for the debtor, causing an administrative insolvency for the estate.  Debtor advised the Pre-Pooling Agreement is in the best interest of ANR because it currently lacks sufficient funds to develop the leased, but will receive a direct benefit, at no cost and carried basis in the Silver Creek project.  ANR does not assert the benefit that will be demonstrated for the estate and creditors.

11.     Mickey Overall, as Managing Member of Debtor, is responsible for Debtor's multiple violations of statutory and fiduciary duty.  These actions constitute "fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the Debtor" by current management warranting the appointment of a chapter 11 trustee.

12.     ANR was found to have engaged in fraud in its business dealings, and after review by the U.S. District Court the award was confirmed.  Upon information and belief, there

5

is reasonable cause to suspect that current management participated in actual fraud and

dishonesty.

13.     The finding of fraud establishes a *prima facie* case that current management of the

debtor is tainted, thereby requiring the appointment of a chapter 11 trustee for "cause."

## Legal Argument

In pertinent part, 11 U.S.C. § 1104(a) provides as follows:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court **shall** order the appointment of a trustee–
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets and liabilities of the debtor.
>              (Emphasis added).

Subsection (e) provides as follows:

> (e) The United States trustee shall move for the appointment of a trustee under subsection (a) if there are reasonable grounds to suspect that current members of the governing body of the debtor, the debtor's chief executive or chief financial officer, or members of the governing body who selected the debtor's chief executive or chief financial officer, participated in actual fraud, dishonesty, or criminal conduct in the management of the debtor or the debtor's public financial reporting.

The Bankruptcy Code does not attempt to give an all-inclusive definition of what

constitutes cause for the appointment of a chapter 11 trustee.  Rather, the Bankruptcy Code

recognizes that what constitutes sufficient cause for the appointment of a chapter 11 trustee is a

question of fact.  *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3rd Cir. 1989), *7 Collier on

Bankruptcy* ¶ 1104.02[3][a] (16th Ed. Rev.).  Once the court determines that the facts as

6

presented establish cause, the statute mandates that the court "shall" appoint a trustee. *In re Oklahoma Refining Company,* 838 F.2d 1133, 1136 (10th Cir. 1988). *See Escoe v. Zerbst*, 295 U.S. 490, 493 (1935)("shall" is the language of command; its use in a statute indicates intent that the statute should be mandatory).

BAPCPA added subsection (e) to the Bankruptcy Code and became effective in October 2005. Where fraud, dishonesty, or criminal conduct by "current members" of management is suspected, the U.S. Trustee must seek an order requiring the appointment of a chapter 11 trustee. This standard of § 1104(e) was met when the panel's award was confirmed by Judge Frizzell, and without any change in management, this case was filed with Mickey and Ginette Overall as the fiduciaries. This is not subjective, but an objective determination that even with appropriate discretion the same conclusion is drawn when evaluating the new fiduciary governing body. *See 7 Collier on Bankruptcy* ¶ 1104.02[3][a] (16th Ed. Rev.); *In re The 1031 Tax Group, LLC,* 374 B.R. 78, 86-89 (Bankr.S.D.N.Y.2007).

Debtor's financial misdeeds as determined by an independent panel of arbitrators and the U.S. District Judge, as described in paragraphs 6 and 7 hereinabove, constitutes fraud or dishonesty before commencement of the case, establishing a *prima facie* case that cause exists which requires appointment of a Chapter 11 trustee pursuant to 11 U.S.C. §1104(a)(1). "Dishonesty provides a reason to appoint a Chapter 11 trustee under §1104(a)(1)." *In re Euro-American Lodging Corporation*, 365 B.R. 421, 426 (Bankr. S.D. N.Y. 2007). The facts concerning the fraud committed during the drilling and operation of certain wells was demonstrated with respect to its creditors and partners and the future business operations do not indicate there is any change in the nature of financial practices and potential safeguards. The self-dealing and business practices of current management set forth in the Arbitration Award and

7

confirming Opinion and Order find specifically fraud was committed, and at the very least, the

Overalls' business practices constitute gross mismanagement by Debtor's current management.

While Judge Martin Glenn did not find cause to direct the appointment of a trustee in the

case of *1031 Tax Group LLC*, he did set forth the appropriate considerations and basis for the

new addition to the Bankruptcy Code.  In the ten years since the provision was added, there are

very few reported decisions.  As occurred in that case, current management is often replaced, and

the new management faces the opportunity to provide they are independent and not conflicted.

The standards for consideration of whether the court should direct the appointment of a

trustee have not changed with the addition of subsection (e), but provides a burden shifting

standard, upon the U.S. Trustee proving "cause" in a *prima facie* showing that current

management is tainted, the burden shifts to the debtors, to demonstrate it is free from conflict and

untrustworthy management.  *In re 1031 Tax Group, LLC, supra,* 374 B.R. at 88-89.

The Court may also order the appointment a Chapter 11 trustee without a finding of

fraud, dishonesty, incompetence or gross mismanagement.  *In re Oklahoma Refining Co.,* 838

F.2d 1133, 1136 (10th Cir. 1988).  Among the factors courts consider in determining whether to

appoint a chapter 11 trustee under section 1104(a)(2) are: (1) the trustworthiness of the debtor;

(2) the debtor's past and present performance and prospects for the debtor's reorganization; (3)

confidence, or lack thereof, of the business community and creditors in present management; and

(4) the benefits derived by appointment of a trustee, balanced against the costs of appointment.

*See In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990); *In re Colorado-Ute

Elec. Ass'n, Inc.*, 120 B.R. 164, 176 (Bankr. D.Colo. 1990).

A debtor in possession is a fiduciary for the estate and its creditors.  *In re United

Healthcare Sys., Inc.*, 200 F.3d 170 (3d Cir. 1999), *cert. denied*, 530 U.S. 1204, 120 S. Ct. 2199

8

(2000).  The Debtor is required by the Bankruptcy Code to be accountable for all property received and to furnish information concerning the estate and the estate's administration as requested by a party in interest.  11 U.S.C. §704(a)(2) & (7), *incorporated by reference in* 11 U.S.C. §§1106(a)(1) and 1107(a).  The Debtor has provided limited information about its business, compliance with its tax reporting and payment obligations, and the financial statements of its pre-petition operations.  While the Debtor requested, and the parties agreed to an extension for filing its bankruptcy documents, the U.S. Trustee requested immediately financial and insurance information,  that has just been provided.  *In re UNR Industries, Inc.,* 42 B.R. 99 (Bankr.N.D.Ill.1984) (obligation to keep creditors and court informed as to status of business is crucial fiduciary obligation).

Counsel for Debtor has advised there appears to be a substantial amount of distrust and acrimony between the judgment creditors and the Debtor's management.  Courts have repeatedly held that mistrust, lack of cooperation and acrimony between a chapter 11 debtor and its creditor constituency may support the appointment of a chapter 11 trustee when such circumstances create an obstacle to progress in the case. See *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463,  472-5 (3d Cir. 1998) (court may exercise its discretion to direct appointment of trustee when parties are "sharply divided on many issues, and are presently incapable of resolving them") (internal quotation marks omitted); *In re U.S. Mineral Products Co.*, *supra*, 105 Fed. App'x. 428, at 430, 2004 WL 1758499, p.2 (upholding *sua sponte* order directing appointment of trustee "based on the length of time the proceedings had been pending, the size of the case, the contentious and acrimonious nature of the relationships among the parties, the lack of trust, the lack of progress, and the need for a neutral party to 'maximize value and construct a plan ... acceptable to creditors' "); *Petit v. New England Mortg. Services Inc.*, 182 B.R. 64, 70 (D.Me.

9

Case 15-80355   Doc 34   Filed 04/29/15   Entered 04/29/15 15:47:02   Desc Main
Document   Page 9 of 12

1995) ("deep-seeded conflict and animosity between a debtor and its creditors provides a basis for the appointment of a trustee"); *In re The Bible Speaks*, 74 B.R. 511, 512 (Bankr. D.Mass. 1987) (citing, as lead reason for appointment of trustee, "[f]riction ... between the Debtor and the Creditors' Committee which threatens to engulf this estate in costly and legalistic bickering over the entire range of the reorganization process").

Lack of an effective corporate management team has been held to constitute gross mismanagement for purposes of appointment of a Chapter 11 trustee or conversion of the Chapter 11 case. *In re Products Intern. Co.*, 395 B.R. 101, 111 (Bankr. D. AZ. 2008). The Debtor's sole member, and manager Mickey Overall with his wife Ginette Overall, were both found to have committed fraud against the claimants, LODO OKLA LLC and VTC, which is incompatible with a fiduciary duty as managing member of the Debtor. The existence of such findings of actual fraud is sufficient cause for the appointment of a chapter 11 trustee, regardless of whether there is evidence that the debtor has taken action contrary to the interests of the estate. *See In re Cajun Elec. Power Coop., Inc.*, 74 F.3d 599, 600 (5th Cir. 1996), *cert. denied*, 519 U.S. 808 (117 S.Ct. 51, 136 L.Ed.2d 15) (1996); *In re Euro-American Lodging Corporation*, *supra*, 365 B.R at 428 (where the Chapter 11 debtor's managers, who owe fiduciary duties to the estate, suffer from material conflicts of interest, an independent trustee should be appointed under §1104(a)(2)). *Accord In re Marvel Entertainment Group, Inc.*, *supra*, 140 F.3d at 473.

## CONCLUSION

The Bankruptcy Code does not attempt to give an all-inclusive definition of what constitutes cause for the appointment of a chapter 11 trustee. Rather, the Bankruptcy Code recognizes that what constitutes sufficient cause for the appointment of a chapter 11 trustee is a question of fact. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3rd Cir. 1989), *7 Collier on*

10

*Bankruptcy* ¶ 1104.02[3][a] (16th Ed. Rev.).  Once the court determines that the facts as presented establish cause, the statute mandates that the court "shall" appoint a trustee.  *In re Oklahoma Refining Company,* 838 F.2d 1133, 1136 (10th Cir. 1988).  *See Escoe v. Zerbst*, 295 U.S. 490, 493 (1935)("shall" is the language of command; its use in a statute indicates intent that the statute should be mandatory).  The U.S. Trustee submits that cause exists for the appointment of a Chapter 11 trustee in this case for the reasons set forth herein above, and the burden is on the Debtor to demonstrate otherwise, and failing to do so, the Court should order that a trustee be appointed immediately.

Wherefore, the United States Trustee prays that the Court enter an order directing that he appoint a Chapter 11 trustee in this case, and for such further relief as the Court deems appropriate.

Dated this 29th day of April, 2015.

Respectfully submitted,

SAMUEL K. CROCKER
UNITED STATES TRUSTEE

/s/ Katherine Vance
Katherine Vance, OBA 9175
Paul R. Thomas, OBA 11546
224 South Boulder, Suite 225
Tulsa, OK 74103
(918) 581-6670
(918) 581-6674 Facsimile

## CERTIFICATE OF MAILING

I, the undersigned, do hereby certify that on April 29, 2015, I caused to be mailed a true and correct copy of the above and foregoing United States Trustee's Motion for an Order Directing the Appointment of a Trustee, with postage fully prepaid herein, via U.S. Mail, to the following:

Official Mailing Matrix

11

The Court will electronically mail the document to the following persons in conjunction with the electronic filing of the foregoing:

Chad Kutmas
Gary McDonald

/s/ Katherine Vance
Katherine Vance
