**Dated: July 21, 2015**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

AMERICAN NATURAL RESOURCES, LLC,

CASE NO. 15-80355– TRC
CHAPTER 11

Debtor.

ORDER DENYING MOTION TO APPOINT TRUSTEE

Before the Court is the United States Trustee's Motion for Appointment of a Trustee under 11 U.S.C. §1104(e). Joining in this Motion are Creditors Loda Okla, LLC and Victoria Time Corp. ("Loda/VTC") and Amtex Oil and Gas, Inc. ("Amtex"). The Court conducted an evidentiary hearing on June 17 and 18, 2015, at which the U.S, Trustee, Loda/VTC and Debtor presented evidence. Counsel for Loda/VTC participated in examining witnesses but no corporate representative was present at the hearing. Counsel for Amtex appeared briefly by telephone to announce that it supported the U.S. Trustee's position but otherwise did not participate in the hearing. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). For reasons set for the below, the Court finds that the Motion to Appoint a Trustee should be denied.

**Findings of Fact**

Debtor ANR is an Oklahoma limited liability corporation organized in August of 2004. It is an oil and gas company involved in the exploration and development of properties in Oklahoma, primarily in Seminole County. Mickey J. Overall ("Overall") is the registered agent and 100% owner/member and manager. ANR filed this chapter 11 bankruptcy on April 13, 2015. On April 29, 2015, the U.S. Trustee filed its motion to appoint a trustee under 11 U.S.C. § 1104(e). By agreement with the U.S. Trustee and upon approval of this Court, ANR filed its schedules and Statement of Financial Affairs on May 6, 2015. A 341 meeting was held on May 11, 2015.

ANR's bankruptcy was precipitated by a judgment entered against it, Overall and his wife Ginette Overall, on March 30, 2015, in the Northern District of Oklahoma, Case No. 13-CV-191-GKF-FHM. The judgment was in favor of Loda/VTC in the amount of approximately $7,000,000 and confirmed an arbitration award entered on July 10, 2014 by a panel of the American Arbitration Association. The U.S. Trustee asked this Court to take judicial notice of the arbitration award as well as the order confirming the award entered by Chief Judge Gregory K. Frizzell. The order confirming the arbitration award is currently on appeal to the Tenth Circuit Court of Appeals.

According to Judge Frizzell's Opinion and Order, ANR and Victoria Time Corporation ('VTC") entered into a Joint Participation Agreement ("JPA") to purchase mineral leasehold acreage and invest in drilling and development.[1] Loda/VTC later sued ANR, Mickey and Ginette Overall in the Northern District of Oklahoma regarding this JPA. Judge Frizzell stayed the lawsuit and the parties submitted their dispute to arbitration. The arbitration panel ruled against ANR and the Overalls, and stated that a preponderance of probative evidence supported its finding that ANR

---

[1] The Arbitration Award states that this agreement is dated June 16, 2011.

failed and refused to carry out its duties under the JPA, including engaging in self-dealing, and providing false and misleading information. The panel also found that ANR violated its contractual duty of good faith and fair dealing but did not find tort or statutory liability. The arbitration award was submitted to Judge Frizzell for his review. He affirmed the arbitration award, finding that no circumstances existed which would permit him to vacate the award under either the Federal Arbitration Act, 9 U.S.C. §§ 9-11, or by a judicially created reason approved by the Tenth Circuit Court of Appeals.

This Court inquired as to the investigation conducted by the U.S. Trustee before filing its motion to remove ANR and appoint a trustee. The U.S. Trustee responded that its office reviewed the arbitration award and Judge Frizzell's order, and visited with creditors and their counsel, including Loda/VTC. It also held an informal meeting with ANR and its counsel before the 341 meeting in which it raised concerns regarding conflicts of interest and insider trading. ANR stated that the U.S. Trustee did not approach it about seeking the appointment of a trustee prior to filing the motion.

In support of their requests to appoint a trustee, the U.S. Trustee and Loda/VTC presented joint exhibits and witnesses, calling three witnesses and one rebuttal witness. The first witness, Mr. Robert Campbell, is a registered petroleum engineer who works for Magnum Energy, Inc., a company that has business interests with Loda/VTC. Magnum assumed the operation of wells previously operated by ANR. He stated that ANR did not pay its share of operating expenses and that equipment was missing from some of the wells when Magnum took over as operator, but he also stated that he did not know whether Loda/VTC paid its share of expenses nor did he know who removed the equipment from the wells.

The second witness was Mickey Overall. Overall has a geology degree and has worked in the oil and gas industry for more than 40 years. His has extensive knowledge regarding oil and gas interests in the Seminole platform in Oklahoma. The U.S. Trustee's and Loda/VTC's examination of Overall primarily focused on the bankruptcy schedules and statement of financial affairs, which were filed after the U.S. Trustee filed its motion to appoint a trustee. Overall testified that ANR's schedules and SFA were prepared with the assistance of ANR's accountant, Corbin "Corey" Gilstrap ("Gilstrap"). Overall admitted that ANR failed to list Amtex as a creditor even though ANR is involved in state court litigation against Amtex. Overall stated that the Amtex litigation was listed on the Statement of Financial Affairs, but that the lawsuit had been dormant for about five years, due to Amtex's inability to present a corporate representative. During Gilstrap's testimony, it was explained that creditors were identified based upon ANR's list of accounts payable and that Amtex was not on that list. Both Overall and Gilstrap stated that ANR would file amended schedules and SFA to include Amtex or make other corrections suggested by the U.S. Trustee.

Overall testified that all employees of ANR were terminated the end of 2014, including his wife, Ginette Overall. She and their daughter Ashley Overall own Power Ready, LLC, which is a creditor of ANR. Power Ready, LLC's business is to develop and market a generator that would operate on a variety of fuel sources, and would provide power at oil and gas well sites. During ANR's case, Gilstrap testified that ANR made loans to Power Ready, LLC totaling $2.1 million, since 2008. Gilstrap estimated that the bulk of those loans, approximately $1.4 million, were made prior to ANR's relationship with Loda/VTC. Overall admitted that Power Ready, LLC has never pledged collateral nor executed any promissory notes to evidence that these are loans or that there are any repayment terms. Overall stated that ANR's agreement with Power Ready, LLC is that

once the generator is on the market, ANR will be repaid. He described the product as a viable, working generator that needs to be field tested. ANR also assisted Power Ready, LLC in purchasing a work vehicle but Power Ready, LLC makes the payments on that vehicle. The Court questioned Overall regarding Power Ready, LLC's ability to pay back its debt and whether ANR would sue to collect that debt. Overall responded that Power Ready, LLC has no current ability to repay the debt but that he believes it can once the generator is marketed.

Overall was questioned extensively regarding ANR's transfer of oil and gas interests before filing bankruptcy. In July of 2014, Overall formed Source Operating, Inc. ANR drilled a well in Hughes County, Oklahoma, the Surg #21-1, and transferred operation of that well to Source Operating, Inc. He stated that Source paid ANR approximately $5,000 for this well. The Surg #21-1 was determined by Overall to be a liability to ANR so he did not believe it should be identified on ANR's bankruptcy schedules. Overall also formed another corporation, Oklahoma Oil Corp., to take an interest in the Surg #21-1 and take on the costs associated with plugging that well. ANR did not disclose the transfer of this asset to Source on its bankruptcy schedules. Overall also stated that although ANR retains working interests in some wells located in Hughes County, he considers them to be liabilities, not assets, therefore he did not believe they should be listed on bankruptcy schedules.

Overall confirmed that he had received shareholder distributions from ANR totaling $778,168.84 within one year prior to ANR filing bankruptcy. This is listed as a distribution to an insider in ANR's SFA. He also stated that he had made contributions of approximately $457,000 to ANR during this same one year period preceding ANR's bankruptcy. He confirmed that ANR listed on Schedule B a note receivable from himself to ANR for a loan totaling $363,617.66. He believed that this note was related to taxes.

Overall was also questioned about personal taxes owed by him and his wife. He confirmed that the IRS has a $600,000 tax lien that he and his wife are paying off at the rate of $10,000 a month. He stated that he and his wife had been audited and were paying individual tax liens to the IRS but that no ANR funds were used to pay their personal taxes.

Jason Dice, an oilfield pumper from Seminole, Oklahoma, testified on behalf of Movants U.S. Trustee and Loda/VTC. Dice was a contract worker for ANR and also worked for other operating companies. He testified that he moved equipment between different wells, as requested by ANR or well operators, and that such transfers of equipment were common in the industry.

Movants' called David Payne as a rebuttal witness. Payne appeared as an expert witness on behalf of Loda/VTC during the arbitration proceeding. Payne is an accountant and workout specialist who has been involved in many chapter 11 cases and has acted as a chapter 11 trustee. He testified that he reviewed ANR's bankruptcy schedules and SFA. He noted that there were some omissions from the schedules including individual leases, but acknowledged that there was sufficient information on the schedules to put creditors on notice of what assets ANR holds. Based upon his information regarding ANR, he is doubtful of its ability to propose a confirmable plan. Payne's opinion is that there are inherent conflicts of interest when chapter 11 debtors remain in possession of the company during bankruptcy, particularly in family-owned businesses. Debtors may not want to sue family members to collect on debts owed. Trustees may be more disinterested and better able to manage the company than a debtor in possession. Payne acknowledged that a debtor in possession has a vested interest in reorganizing which may be an advantage.

ANR presented testimony of Overall, Gilstrap, Dr. Subir Roy and Ray Sorenson. Dr. Roy is a retired medical doctor and professor of obstetrics. He testified that he is an experienced oil and gas investor who has partnered with ANR on two projects, including the Magellan Project

which included Loda as an interest owner, and the Redmound in which Amtex was involved. He stated that he did not believe Overall has ever defrauded him and that it was his opinion that ANR should remain as debtor in possession. Dr. Roy stated that he while he initially made money on his investments in ANR he had not received payment in more than a year, and that he had not recouped his investment. He did not know if he is a creditor of ANR but he did receive notice of its bankruptcy. He also acknowledged that he might be a co-debtor with ANR of Loda/VTC's judgment, but he was not aware that there are any judgments entered against him.

Ray Sorenson is a petroleum geologist who has known Overall for many years. Upon Sorenson's retirement, he has worked as a consultant, including working with ANR. His opinion is that Overall is a capable geologist, and he knows of no negative information regarding Overall's reputation in the oil and gas community. Sorenson is comfortable doing business with Overall and ANR.

Gilstrap testified on behalf of ANR as its accountant. Gilstrap has extensive experience with accounting for closely-held oil and gas companies. Gilstrap gave detailed testimony regarding ANR's operations and financial information. He explained ANR's oil and gas holdings, transfers of operating interests, litigation with Eagle Rock Energy and potential recovery in that lawsuit, and revenue forecasts for ANR. He described Overall's contribution to ANR as a project manager who can advise on drilling locations and geological information as well as a locating partners and investors for ANR's projects. He also testified regarding ANR's progress in gaining DIP financing of oil and gas projects from several banks as well as securing investors to complete drilling operations on several projects. Gilstrap provided much of the financial information for ANR's schedules and SFA, and is currently working on ANR's plan of reorganization. Gilstrap

appeared to have a detailed and in-depth knowledge of ANR's projects and finances, both past and current operations.

**Conclusions of Law**

Citing §1104(e), the U.S. Trustee states that it was compelled to seek the appointment of a trustee because of the arbitration award and Judge Frizzell's order confirming that award. Section 1104(e) states that the U.S. Trustee shall file a motion if there are reasonable grounds to suspect that certain persons operating on behalf of the debtor participated in "actual fraud, dishonesty, or criminal conduct in the management of the debtor or the debtor's public financial reporting." The U.S. Trustee states that it suspects such activity exists because of the arbitration decision and district court order. But it did not identify any other investigation it did that prompted it to file its motion prior to ANR filing schedules and appearing at the 341 meeting. This Court reviewed the arbitration award and Judge Frizzell's order and is not convinced that the conduct referenced therein is of the same level as that referenced in §1104(e). There certainly was no criminal conduct alleged or suggested by the evidence or testimony presented to this Court. Nevertheless, the Court must order the appointment of a trustee if it finds grounds exist as outlined in §1104(a).

Section 1104(a) states that a court shall appoint a trustee at any time prior to confirmation under the following circumstances:

>   (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause …; or
>   (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate ….

A court should exercise this power "in order to preserve the integrity of the bankruptcy process and to insure that the interests of creditors are served." *In the Matter of Intercat, Inc.*, 247 B.R. 911, 920 (Bankr. S.D. Ga. 2000). The appointment of a trustee to replace a debtor in possession

is an extraordinary remedy, and there is a strong presumption in favor of leaving this debtor in possession. *In re Celeritas Technologies, LLC,* 446 B.R. 514 (Bankr. D. Kans. 2011). This Court is vested with broad discretion in deciding whether cause exists to order the appointment of a Chapter 11 trustee, and the decision is fact intensive. *In re Plaza de Retiro, Inc.*, 417 B.R. 632, 640 (Bankr. D. N.M. 2009)(citations omitted). Factors to consider when evaluating the interests of creditors under §1104(a)(2) include the debtor's trustworthiness, debtor's past and present performance, the business community's confidence in present management, and the benefits derived by the appointment balanced against the costs. *Celeritas*, 446 B.R.at 520-521.

The parties disagree as to the proper burden of proof. Movants U.S. Trustee and Loda/VTC suggest that merely a preponderance of the evidence is required for the Court to grant their motions. ANR suggests that the proper standard is clear and convincing. Under the facts presented at this stage of the case, the Court does not believe that Movants have met the burden they suggest of a preponderance of the evidence.

Movants suggest that the arbitration award and Judge Frizzell's order conclusively establish fraud and dishonesty, and acrimony between ANR and its creditors justifying the appointment of a trustee. They also suggest that ANR's schedules and SFA establish dishonesty, mismanagement, self-dealing, lack of disinterestedness, and little possibility that ANR can reorganize. The Court has reviewed the arbitration award and Judge Frizzell's order. Although the award does include statements that the panel found fraud, the panel appears to qualify its finding by stating in its Conclusion that that the absence of good faith by defendants "does not, in every instance, constitute fraud" and that it "finds no occasion to find tort or statutory liability." The Court is uncertain as to what that means but it is clear that the basis of the dispute was contractual. Judge Frizzell's review of the arbitration award begins with a recitation of the

parameters of his review, which states that he must confirm the award unless it is vacated or modified under a narrow range of circumstances. He found no circumstances which would permit him to vacate or modify the award under either the Federal Arbitration Act, 9 U.S.C. §§ 9-11, or by a judicially created reasons approved by the Tenth Circuit Court of Appeals. Having heard testimony from ANR employees, as well as the other witnesses presented, the Court is not convinced that actual fraud and dishonesty of the level contemplated in §1104 exists, which would compel the appointment of a trustee at this juncture.

Movants assert that the relationship between ANR and Loda/VTC and Amtex is acrimonious and that this relationship should compel the Court to appoint a trustee. The Court certainly acknowledges that Loda/VTC's large judgment against ANR and the Overalls creates acrimony, but it heard no testimony from anyone - not Mr. Campbell, Mr. Dice nor Mr. Payne - that supported this assertion, nor did any representative of Loda/VTC or Amtex even appear at the trial. Acrimony between a debtor and its creditors is a given in bankruptcy, and it is not unusual for a judgment to precipitate the filing of bankruptcy. At least at this stage, there is insufficient evidence before the Court of such deep conflicts and distrust that would justify the removal of ANR as debtor in possession and the appointment of a trustee.

There is also insufficient evidence of material omissions from ANR's schedules and SFA. Overall and Gilstrap explained to the satisfaction of this Court how they compiled ANR's financial information and prepared the schedules and SFA. No evidence was presented that ANR has concealed or hidden assets, withheld material or relevant information, or otherwise failed to inform this Court or its creditors of the nature and condition of its business. Although it is quite early in the case, ANR has filed its monthly operating reports, and there is no charge that it has failed to keep adequate records. The Court detected no intent on the part of Overall or Gilstrap to deceive

it or ANR's creditors in the preparation of the schedules. Although Amtex was not listed as a creditor, its lawsuit was listed on the SFA, indicating that ANR did not intend to exclude Amtex. Regarding the scheduling of ANR's assets, Payne testified that he would have listed leasehold interests differently but acknowledged that there are varying opinions as to whether leases should be listed as executory agreements or real property interests, and that there was sufficient information on the schedules to put creditors on notice of ANR's assets. Debtors often file amended schedules and correct information or list in a different place at the suggestion of the U.S. Trustee. Overall and Gilstrap and their counsel pledged to cooperate with the U.S. Trustee and make the amendments suggested.

The testimony presented at trial does not support a finding of fraud, dishonesty, incompetence or gross mismanagement by ANR. On the contrary, the Court found the testimony of Overall and Gilstrap to reflect a detailed and intimate knowledge of ANR's operations and the oil and gas industry. Neither Campbell nor Dice stated that ANR acted improperly in the operation of wells on which they worked. They admitted that they did not know who was responsible to pay certain well costs nor did they allege that ANR improperly removed equipment from wells. Dr. Roy testified that he believed ANR complied with its obligations and his opinion was that Overall was trustworthy. Sorenson testified that he knew of no negative information regarding Overall's reputation in the oil and gas community.

The Court does acknowledge that there could be issues regarding ANR's relationship with Power Ready, LLC and a potential conflict within the Overall family. And, ANR's prepetition distributions to Overall could be a potential conflict of interest for Overall. At this stage of the case, the Court can only speculate as to what plan ANR will propose and how these potential

conflicts and issues will be addressed by ANR's management. The Court does not believe that the questions raised justify the extraordinary remedy of appointing a trustee at this time.

IT IS THEREFORE ORDERED that the United States Trustee's Motion for Appointment of a Trustee, joined by Loda Okla, LLC/Victoria Time Corp. and Amtex Oil and Gas, Inc., is **denied**.

###