IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

---------------------------------------------------------------------------x
:
In re: : Chapter 11
:
AMERICAN NATURAL RESOURCES, LLC, : Case No. 15-80355
:
Debtor. : Judge Cornish
:
---------------------------------------------------------------------------x

**DEBTOR'S MOTION TO EXTEND EXCLUSIVE PERIOD IN WHICH
TO FILE AND GAIN ACCEPTANCE OF A CHAPTER 11 PLAN**

American Natural Resources, LLC ("Debtor"), debtor-in-possession herein, by and through counsel, hereby requests that the Court enter a text-only order extending the exclusive period in which to file and gain acceptance of a Chapter 11 plan by 120 days and an extension of the Debtor's exclusive time in which to obtain acceptance of the same for an additional 60 days thereafter pursuant to 11 U.S.C. § 1121(d)(1). As support therefore, the Debtor will show the Court the following:

**Introduction and Background**

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on April 13, 2015. Upon filing, the Debtor began operating as Debtor-in-Possession with all rights, powers, and duties of a trustee in bankruptcy pursuant to §§ 1107 and 1108 of the Bankruptcy Code. The 120 day exclusive period to file a plan expires on August 11, 2015, and the exclusive period to gain acceptance of the plan expires 60 days thereafter on October 10, 2015.

2. In the time since its filing, Debtor has been dealing with non-stop efforts of the United States Trustee and LODA OKLA, LLC, seeking the appointment of a trustee commenced

less than three weeks after the case was filed. Debtor spent significant time and resources successfully defending against that motion. In addition, Debtor's motions to enter into transactions with (1) Silver Creek Oil & Gas, LLC, and (2) Wewoka, LLC, and Captiva Resources, LLC have been delayed by objection of LODA. The ability to formulate and submit a plan has been rendered virtually impossible under these circumstances.

3. On August 4, 2015, the Debtor and LODA entered into a settlement that resolves all issues between the parties and Amtex Oil and Gas, Inc., and Texas Oil and Gas, LLC. The settlement is subject to execution of definitive documents and submission for approval by this Court. In addition, the settlement provides that the Debtor will seek to dismiss this Chapter 11 case.

4. In an abundance of caution and to account for unforeseen contingencies, the Debtor is seeking an extension of the exclusive period in which to file and seek approval of a plan of reorganization.

5. The Debtor has been in bankruptcy less than four months and has not previously requested an extension of the exclusive period in which to file and gain acceptance of a Chapter 11 plan. The current exclusive period is set to expire on August 11, 2015.

## Jurisdiction

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 11 U.S.C. § 157(b)(2)(A). In addition, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Discussion**

5. As noted above, the Debtor requests an additional 120 days (until December 9, 2015) in which to file a Chapter 11 plan and an extension of the Debtor's exclusive time in which to obtain acceptance of the same for an additional 60 days thereafter (until February 8, 2016).[1] Section 1121(d)(1) of the Bankruptcy Code allows courts to extend the exclusive periods regarding the filing and acceptance of a debtor's plan upon the debtor's showing of cause.

6. Whether cause exists to extend the exclusive periods rests within the sound discretion of the court and is determined by the facts and circumstances of the particular case. *See*, *e.g.*, *In re Tony Downs Foods Co.*, 34 B.R. 405, 407 (Bankr. D. Minn. 1983). Courts typically look at various factors to determine whether cause exists, including:

- The size and complexity of the case;

- The necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

- The existence of good faith progress toward reorganization;

- The fact that the debtor has demonstrated reasonable prospects for filing a viable plan;

- Whether the debtor has made progress in negotiations with its creditors;

- The amount of time which has elapsed in the case;

- Whether the debtor is seeking as extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

- Whether an unresolved contingency exists.

---

[1] It should be noted that as a general matter an extension of the exclusive period to file a plan of reorganization automatically extends the exclusive period to gain acceptance of the same. *See*, *e.g.*, *In re Judd*, 173 B.R. 941, 943 (Bankr. D. Kans. 1994).

*In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *see also In re Hoffinger Indus.*, 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003). Each factor is given appropriate weight given the facts and circumstances of each case.

7. These applicable factors in this instance weigh in favor of granting the Debtor's requested extension. The case has been pending less than four months and the Debtor has been diligent and in good faith negotiating with creditors, including LODA OKLA, LLC, the largest creditor. In addition, the Debtor was successful in defeating a motion to appoint trustee brought by the United States Trustee and LODA. The order denying such relief was entered by this Court on July 21, 2015. Due to the very contentions start to this case that required significant time of the Debtor and precluded the Debtor from entering into and undertaking operations related to significant transactions, the Debtor requires additional time, as requested herein, to put together a proposed plan and disclosure statement for filing with the Court.

WHEREFORE, the Debtor requests that the Court enter an order extending the exclusive period until December 9, 2015, in which to file a Chapter 11 plan and an extension of the Debtors' exclusive time in which to obtain acceptance of the same for an additional 60 days thereafter, or until February 8, 2016.

Dated this 10th day of August, 2015.

                        MCDONALD, MCCANN
                            &amp; METCALF, LLP

                        */s/ Chad J. Kutmas*

By:      _____

                        Chad J. Kutmas, OBA No. 19505
                        15 E. Fifth Street, Suite 1800
                        Tulsa, OK 74103
                        (918) 430-3700
                        (918) 430-3770 (Fax)
                        ckutmas@mmmsk.com

                        *Attorneys for American Natural Resources, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 10, 2015, a true and correct copy of the above and foregoing pleading was transmitted to all parties entitled to notice via the CM/ECF system of the Court consistent with applicable rules and practice and that a separate certificate of service will be filed, as necessary, for other parties entitled to such notice.

                        */s/ Chad J. Kutmas*
                        _____
                        Chad J. Kutmas